IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOE BOWEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 15 C 2707 |
| | ) |
| ILLINOIS BELL TELEPHONE | ) |
| COMPANY d/b/a AT&T ILLINOIS, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Illinois Bell Telephone Company d/b/a AT&T Illinois' (Bell) partial motion to dismiss. For the reasons stated below, the motion is granted.

## BACKGROUND

Plaintiff Joe Bowen (Bowen) allegedly worked as a Cable Splicer for Bell from March 2007 to November 2009, and again from sometime in 2010 to March 2011. Bowen alleges in this case that Bell permitted Bowen to perform work before his shift, expected him to work during his meal breaks, and permitted him to work after his shift ended, all without paying him for the hours worked. Bowen indicates that he is a class member in *Blakes v. Ill. Bell Tel. Co.* (11 C 336), in which he is

1

pursuing certain FLSA claims against Bell. In *Blakes*, the court initially conditionally certified certain claims and later decertified certain claims. After the decertification, Bowen joined with certain plaintiffs from *Blakes* to pursue the decertified claims in a new action named *Tinoco v. Ill. Bell. Tel. Co.* (14 C 1456). On March 24, 2015, the judge in *Tinoco* granted Bell's motion to sever, and as a result, Bowen was assigned the instant case number under which he was directed to pursue his claims from *Tinoco*. (14 C 1456: DE: 146, 147). Bowen includes in his second amended complaint in this case claims alleging violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* (IMWL), and the Illinois Wage Payment and Collection Act (IWPCA), 820 ILCS 115 *et seq.* Bell now moves to dismiss the IMWL and IWPCA claims, and a portion of the FLSA claims.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a

'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)); *see also Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009))(internal quotations omitted).

## DISCUSSION

I. FLSA Claims

    Bell argues that some of Bowen's FLSA claims are time-barred.

    A. Consideration of Defense at Pleadings Stage

    Bowen contends that it is improper for the court to address the statute of limitations issue at the pleadings stage. It is true that "[d]ismissing a complaint as untimely at the pleading stage is an unusual step, since a complaint need not anticipate and overcome affirmative defenses, such as the statute of limitations" and such "defenses typically turn on facts not before the court at that stage in the

3

proceedings." *Sidney Hillman Health Ctr. of Rochester v. Abbott Labs., Inc.*, 782 F.3d 922, 928 (7th Cir. 2015). However, "if a plaintiff alleges facts sufficient to establish a statute of limitations defense, the district court may dismiss the complaint on that ground." *Id.* (internal quotations omitted)(quoting *O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015)).

In this case, Bowen has presented sufficient allegations to indicate that certain claims are untimely. As explained below, Bowen is pursuing claims relating to conduct from 2007, which is well beyond the limitations period for the complaint filed in this case in 2015. Even when considering the procedural history of the claims in this case and tolling of the limitations period, which Bowen has alleged in his second amended complaint, it is clear that certain claims are untimely based upon the pleadings and by taking judicial notice of public court documents. *See Ennenga v. Starns*, 677 F.3d 766, 773 (7th Cir. 2012)(stating that "[t]aking judicial notice of matters of public record need not convert a motion to dismiss into a motion for summary judgment"). Bowen chose to place into question the statute of limitations issue at the outset in his second amended complaint, providing facts and argument regarding the running of the limitations period. (SA. Compl. Par. 6-12). Bowen also presented his position in his opposition to the instant motion as to equitable tolling in this matter, and has not indicated that any discovery is needed to present any further equitable tolling arguments. Thus, it is appropriate at this juncture to address the statute of limitations issue.

4

B.  Timeliness of Claims

Bell argues that certain FLSA claims in this action are untimely.  There is a two-year statute of limitations for FLSA claims, "except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued. . . ."  29 U.S.C. § 255(a).  The claims in this action are severed claims from the claims presented in *Tinoco*.  Bowen joined in filing the complaint in *Tinoco* on February 28, 2014.  (14 C 1456: DE 1).  The alleged misconduct in this case reaching as far back as 2007 would fall even outside of the more liberal three-year limitations period for FLSA claims.  Bell does acknowledge that some of Bowen's FLSA claims were tolled when he filed his consent in *Blakes*.  (Mem. Dis. 6).

Pursuant to 29 U.S.C. § 256, "[i]n determining when an action is commenced for the purposes of section 255 of this title, an action commenced . . . under the Fair Labor Standards Act . . . shall be considered to be commenced on the date when the complaint is filed; except that in the case of a collective or class action instituted under the Fair Labor Standards Act . . ., it shall be considered to be commenced in the case of any individual claimant . . . on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff is filed on such date in the court in which the action is brought. . . . "  *Id.*; *see also* 29 U.S.C. § 216(b)(indicating that an employee cannot be a plaintiff in a FLSA action unless he gives consent in writing and consent is filed).

The record in *Blakes* indicates that Bowen signed his consent on July 25,

2011, and that the consent was filed on July 27, 2011. (11 C 336: DE 63-1: 9). In this district, the courts have generally followed a two-step process for collective FLSA actions. *Jirak v. Abbott Labs., Inc.*, 566 F. Supp. 2d 845, 847-48 (N.D. Ill. 2008). At the first stage, a plaintiff must obtain a conditional certification, and at the second stage, the plaintiff must face a more stringent inquiry or else the claims which were conditionally certified will be decertified. *Id.*; *see also Family Video Movie Club, Inc.*, 2015 WL 7293505, at *1-*2 (N.D. Ill. 2015)(stating that "[a]fter conditional certification has been granted and discovery has clarified the factual situation, the defendant may move to decertify the action"). During the time of conditional certification in *Blakes*, Bowen was pursuing his FLSA claims, and thus his limitations period for bringing such claims would have been properly tolled. *See Hodges v. Illinois Bell Tel. Co.*, 2015 WL 6407757, at *3 (N.D. Ill. 2015)(stating that "[t]he statute of limitations for a plaintiff in a collective action is tolled after the plaintiff has filed a consent to opt in to the collective action, and begins to run again if the court later decertifies the collective action")(internal quotations omitted)(quoting *Green v. Harbor Freight Tools USA, Inc.*, 888 F.Supp.2d 1088, 1105 (D. Kan. 2012)). On December 17, 2013, the court in *Blakes* entered its memorandum opinion and order granting in part the motion to decertify the class. (11 C 336: DE 232, 233). The decertified claims at that point became individual claims brought by each of the named plaintiffs in *Blakes*. *See Alvarez v. City of Chicago*, 605 F.3d 445, 450 (7th Cir. 2010)(holding in a FLSA action that "[w]hen a collective action is decertified, it reverts to one or more individual actions on behalf

of the named plaintiffs"). Although the December 17, 2013 order in *Blakes* did not specifically dismiss the claims, or sever the claims that were no longer included in the collective portion of the action, Bell in its memorandum in support of its motion for decertification sought to dismiss any decertified claims. (11 C 336: DE 205-2: 71), and the court in *Blakes* indicated in its minute order that it was granting in part such motion. (11 C 336: DE 232). Bell further indicates that the judge in *Blakes* orally indicated that the decertified claims were no longer alive in that case and that the proper next step would be for the individual plaintiffs to file new actions as to those claims. (Reply 4). Thus, at that point on December 17, 2013, Bowen was no longer pursuing the decertified claims in *Blakes*, and the limitations period would have started to run again until he took the initiative to file a new action.

  Subsequently, on January 7, 2014, in response to a motion to toll the statute of limitations, the judge in *Blakes* held that since the parties were seeking to engage in settlement negotiations, the December 17, 2013 order would be stayed until February 28, 2014, to give the parties time to decide whether to file individual actions (11 C 336: DE 239). At that point, the limitations period would have again stopped running until February 28, 2014. On February 28, 2014, Bowen joined in filing the complaint in *Tinoco* and pursued his instant claims. When the judge in *Tinoco* severed the claims, on March 24, 2015, the judge gave the individual plaintiffs until July 30, 2015, to file separate complaints in separate actions, and Bowen filed his complaint in this case on July 30, 2015. (14 C 1456: DE 146). Thus, the limitations period ran until July 25, 2011, when Bowen filed his consent, and for a few days at

the end of 2013 and the beginning of 2014. Therefore, Bowen can reach back to approximately July 2008 for willful claims, and July 2009 for non-willful claims.

### C. Scope of Claims Raised in *Blakes*

Bell argues that, even though the limitations period may have been tolled for certain FLSA claims, only the specific FLSA claims that were pursued in *Blakes* would have been tolled. Bowen has presented no controlling precedent that indicates that a plaintiff can later raise a new claim and retroactively have the limitations for that claim tolled. The tolling in this instance is an exceptional circumstance that is accorded to a plaintiff because the plaintiff is actively pursuing the claim in a collective action and the defendant has notice of the claim. The plaintiff properly should not be prejudiced if the court determines that the claim cannot go forward in the collective action and requires the plaintiff to proceed in a separate individual action.

Bowen argues that he put Bell "on notice of claims by Cable Splicers for unpaid overtime wages." (Resp. 8). However, the mere fact that Bowen alleged that Bell violated the overtime provisions of FLSA does not mean that Bowen provided Bell with notice of the new claims he has brought in this case. The fact that certain FLSA claims may have been raised in *Blakes*, did not give Bowen carte blanche authorization to raise any FLSA claim he can come up with years later. In order to give Bell notice of a claim, Bowen needed to do more than simply inform Bell that it had violated the overtime provisions of the FLSA. A plaintiff cannot, for example,

state a valid employment discrimination claim by simply alleging that an employer discriminated against him, or a Section 1983 claim by simply alleging a public actor violated his constitutional rights, without some additional supporting facts to explain what actions by the defendant are at issue. Bell was not put on notice of all FLSA claims merely by its reference, and Bell could not be expected to speculate as to all possible manners in which Bowen may have believed that Bell violated the FLSA. The burden on Bell in *Blakes* was a modest one to provide at least a general set of facts to identify each FLSA claim, and Bowen cannot now seek to amend his claims brought years ago in *Blakes*.

The court also notes that even if the instant action could be construed as a continuation of the same case in *Blakes* and Bowen seeks to have his complaint in this case relate back to the complaint in *Blakes* pursuant to Federal Rule of Civil Procedure 15(c)(1), it would only apply to the same FLSA claims asserted in *Blakes*, not to the additional conduct that has been introduced in this case which Bell received no notice of in *Blakes*. *See* Fed. R. Civ. P. 15(c)(1)(limiting relation back of amendments to conduct that arose out of the "conduct, transaction, or occurrence" alleged in the prior pleading); *see also Staren v. Am. Nat. Bank & Trust Co. of Chicago*, 529 F.2d 1257, 1263 (7th Cir. 1976)(stating that "notice is the critical element involved in Rule 15(c) determinations"). While Bowen was not required to plead every specific fact in support of his FLSA claims in *Blakes*, Bowen did plead specific FLSA claims and the court in *Blakes* in fact held that Bowen had pled only certain specific FLSA claims, that Bowen had waived "any arguments regarding

9

whether [Bowen] pled pre-shift work or post-shift work not tied to timesheet completion." (11 C 336: DE 355: 20). The court in *Blakes* also made clear that the claims in *Blakes* did encompass "any possible FLSA claim under the sun." (11 C 336: DE 56: 16).

In *Blakes*, the plaintiffs sought certification for employees who were allegedly forced to work during lunch breaks when they traveled from site to site and did work to maintain a safe work site. (11 C 336: DE 56:2). Additionally, in *Blakes*, the plaintiffs sought certification for those who, after their shift, were unable to complete their time sheets and clock-out in time because of the lack of computers in the garages. (11 C 336: DE 56:2). The court in *Blakes* granted the motion to decertify the class in regard to the lunch break claims, and denied the motion as to the post-shift claims. (11 C 336: DE 233: 60). Thus, in the instant action, for the FLSA claims other than the decertified claims, the limitations period for such claims was not tolled.

### D. Equitable Tolling

Bowen argues that his claims should not be found untimely based on the equitable tolling doctrines. *See Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450-51 (7th Cir. 1990)(explaining the equitable tolling doctrines). Bowen contends that Bell will not be prejudiced by allowing Bowen to introduce the new claims in this case and that discovery will not be significantly increased. (Resp. 6 n.2, 7-10). However, the standard for employing the equitable tolling doctrines is not simply a

showing that the defendant will not be prejudiced or that discovery will not be delayed. While prejudice to the defendant may be considered, the equitable tolling doctrines are only employed in extraordinary circumstances when the plaintiff can show that he was prevented from bringing the claim or was unable to bring the claim in a timely fashion. *See Sidney Hillman Health Ctr. of Rochester v. Abbott Labs., Inc.*, 782 F.3d 922, 930-31 (7th Cir. 2015)(stating that "[e]quitable tolling is granted sparingly only when extraordinary circumstances far beyond the litigant's control prevented timely filing")(internal quotations omitted)(quoting *Wilson v. Battles*, 302 F.3d 745, 749 (7th Cir. 2002)); *Socha v. Boughton*, 763 F.3d 674, 684 (7th Cir. 2014)(stating that equitable "tolling is rare; it is reserved for extraordinary circumstances far beyond the litigant's control that prevented timely filing")(internal quotations omitted)(quoting *Nolan v. United States*, 358 F.3d 480, 484 (7th Cir. 2004)); *Savory v. Lyons*, 469 F.3d 667, 673-74 (7th Cir. 2006)(stating that "[o]nce extraordinary circumstances weighing in favor of equitable tolling are identified, they must be balanced against any prejudice that the delay might cause the defendants"); *Cada*, 920 F.2d at 450-51 (explaining the equitable tolling doctrines).

In this case, the equitable tolling doctrines are not applicable. Bowen is not claiming that he was somehow prevented by Bell from bringing his new claims earlier or that he was unable to do so for some reason. Bowen does argue that there was confusion regarding the scope of the *Blakes* action, to justify a tolling of the limitations period. (Resp. 8, n.3). However, the record does not reflect any such confusion. Bowen was the master of his own complaint in *Blakes* and he chose not

to include in that complaint the new claims that he now seeks to bring in the instant action. The equities in this case favor preventing Bowen from expanding his FLSA claims years after the limitations period have run. Bowen has thus failed to show that equitable tolling is appropriate in this instance. Therefore, Bell's motion to dismiss the FLSA claims other than the decertified lunch break claims is granted.

II. IMWL Claims

Bell moves to dismiss the IMWL claims contending that they are time-barred. The statute of limitations for an IMWL claim is three years. 820 ILCS 105/12; *Ballard v. Illinois Bell Tel. Co.*, 2015 WL 6407574, at *3 (N.D. Ill. 2015). The record reflects that Bowen first presented IMWL claims in *Blakes* on January 17, 2011, and that such claims were voluntarily dismissed on June 23, 2011. (11 C 336: DE1, DE60). Even if the limitations period was tolled for approximately six months while the IMWL claims were pending in *Blakes*, by the time Bell had brought his IMWL claims in *Tinoco* on February 28, 2014, the limitations period had run. In addition, as explained above in regard to the FLSA claims, there is no justification for tolling the limitations period. Thus, the IMWL claims are time-barred and the motion to dismiss such claims is granted.

III. IWPCA Claims

Bell moves to dismiss the IWPCA claims. For an IWPCA claim, a plaintiff must allege that he is "owed compensation from" the defendant "pursuant to an

employment agreement." *Enger v. Chicago Carriage Cab Corp.*, 2016 WL 106878, at *2 (7th Cir. 2016). Bowen argues that his allegations relating to Bell's internal policies can serve as a basis for his IWPCA claims. Courts in this district have rejected this argument. *See, e.g., House v. Illinois Bell Tel. Co.*, 2015 WL 7731866, at *5 (N.D. Ill. 2015). Bowen relies upon the Reporting Time Worked policy, but that policy merely indicates that Bell has a policy of properly compensating employees for overtime in accordance with FLSA and other applicable law. (DE 16-1: 126). Bowen also points to Bell's Code of Business Conduct, but that code specifically provides that it is "not a contract of employment and does not create contractual rights of any kind. . . ." (DE 16-1:123). Finally, Bowen argues that he can rely on the Collective Bargaining Agreement (CBA). However, the Seventh Circuit has held that "[e]ven where a plaintiff relies on state law in a complaint and makes no mention of" the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, "the federal statute will displace the state-law claim to ensure uniform interpretation of collective bargaining agreements"). The LMRA does not preempt every state claim indirectly relating to a CBA, there is preemption when a state claim "indirectly implicate[s] a" CBA and when a direct interpretation of the CBA is required. *Healy v. Metro. Pier & Exposition Auth.*, 804 F.3d 836, 841 (7th Cir. 2015)(stating that "§ 301 preempts a state law tort claim if resolution of the claim requires the interpretation of a collective-bargaining agreement")(internal quotations omitted)(quoting *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 413 (1988)); *see also Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 211 (1985)(stating

13

that "not every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement, is pre-empted by § 301 or other provisions of the federal labor law" and that "Section 301 on its face says nothing about the substance of what private parties may agree to in a labor contract").

Bowen contends that he simply seeks to reference the CBA to show the existence of an actionable agreement rather than to interpret the CBA. However, understanding the terms of the agreement that supports the IWPCA will necessarily involve an interpretation of the CBA. Thus, such claims would be preempted by the LMRA. Therefore, Bell's motion to dismiss the IWPCA claims is granted.

## CONCLUSION

Based on the foregoing analysis, Bell's motion to dismiss certain FLSA claims is granted, and Bell's motion to dismiss the IMWL claims, and IWPCA claims is granted.

 _____
 Samuel Der-Yeghiayan
 United States District Court Judge

Dated: January 14, 2016